UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY, CAMDEN

| | |
|---|---|
| JOHN GERACI,<br><br>    Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A. aka CHASE BANK USA, N.A., EQUIFAX INFORMATION SERVICES LLC and EXPERIAN INFORMATION SOLUTIONS, INC,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 *et seq*.)** |

COMES NOW Plaintiff, John Geraci ("Plaintiff"), by and through counsel undersigned, and for its causes of action against Defendants JP MORGAN CHASE BANK, N.A. aka CHASE BANK USA, N.A., EQUIFAX INFORMATION SERVICES LLC and EXPERIAN INFORMATION SOLUTIONS, INC, for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* and alleges as follows:

1. Plaintiff is a resident of New Jersey.

2. On information and belief, Defendant, JP MORGAN CHASE BANK, N.A. aka CHASE BANK USA, N.A. ("CHASE"), is a Foreign Corporation, licensed to do business in New Jersey as a Foreign Corporation and has designated the following registered statutory agent: The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, New Jersey 08628.

3. On information and belief, Defendant CHASE is, and at all times relevant hereto was, regularly doing business in the State of New Jersey.

1

4. On information and belief, Defendant Equifax Information Services LLC, ("EQUIFAX"), is a consumer reporting agency, as defined by 15 U.S.C. § 1681a(f), licensed to do business in New Jersey as a Foreign Limited Liability Company and has designated the following registered statutory agent: Prentice Hall Corporation System, Princeton South Corporate Center, 100 Charles Ewing Boulevard, Suite 160, Ewing, New Jersey 08628.

5. On information and belief, Defendant, EQUIFAX, is, and at all times relevant hereto was, regularly doing business in the State of New Jersey.

6. On information and belief, Defendant Experian Information Solutions, Inc., ("EXPERIAN"), is a consumer reporting agency, as defined by 15 U.S.C. § 1681a(f), licensed to do business in New Jersey as a Foreign Corporation and has designated the following registered statutory agent: The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, New Jersey 08628

7. On information and belief, Defendant, EXPERIAN, is, and at all times relevant hereto was, regularly doing business in the State of New Jersey.

8. That, the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA") and that personal jurisdiction exists over Defendants as the Plaintiff resides in New Jersey, the Defendants had the necessary minimum contacts with the State of New Jersey, and the harm occurred in New Jersey.

9. The Plaintiff is a consumer and victim of inaccurate reporting by Defendants, and has suffered particularized and concrete harm.

## COUNT ONE

10. On December 31, 2017, Defendant CHASE issued a Form 1099-C, "Cancellation of Debt", for Plaintiff's CHASE credit card account ending in 0511-3016 ("Account").

11. The Form 1099-C canceled the principal balance owed, excluding interest and fees.

12. The Identifiable Event Code on the 1099-C is marked "G".

13. Code "G" on a Form 1099-C represents that the creditor has made a decision or policy to discontinue collection of the debt and cancel the debt.

14. Subsequently, Defendant submitted a tax Form 1099-C to the Internal Revenue Service ("IRS") for the cancellation of the debt amount owed to Defendant.

15. As a result, Plaintiff was obligated to pay taxes on the cancelled debt.

16. Defendant CHASE still reported a balance on the Account, inclusive of interest and fees, on Plaintiff's credit report.

17. On March 27, 2017, Plaintiff sent a written dispute, with supportive documentation to EXPERIAN, a consumer reporting agency as defined in 15 U.S.C. §1681a, regarding the accuracy of the derogatory information reported on his EXPERIAN credit report.

18. Defendant EXPERIAN failed to respond to the written dispute.

19. On May 22, 2017, Plaintiff sent a written dispute, with supportive documentation to EXPERIAN, a consumer reporting agency as defined in 15

U.S.C. §1681a, regarding the accuracy of the derogatory information reported on his EXPERIAN credit report.

20. Upon information and belief, EXPERIAN forwarded Plaintiff's written dispute to Defendant CHASE.

21. Upon information and belief, CHASE received notification of Plaintiff's written dispute from EXPERIAN.

22. On or about June 15, 2017, EXPERIAN responded to Plaintiff's second written dispute letter on the Account ("EX Dispute Response 1").

23. The EX Dispute Response 1 stated that CHASE "Updated – The item you disputed has been updated, which may include an update to the disputed information. Please review your report for the details."

24. The Dispute Response did not remove the erroneous balance information that was identified in Plaintiff's written dispute letter on the Account.

25. Defendant CHASE willfully failed to correct the inaccurate reporting of the Account to the consumer reporting agencies, EXPERIAN, in violation of 15 U.S.C. § 1681s-2(b) and to the detriment of the consumer Plaintiff by continuing to report an erroneous balance due.

26. Defendant CHASE willfully failed to review all relevant information provided by Plaintiff and EXPERIAN that was contained in Plaintiff's written dispute on the Account.

27. Defendant CHASE is willfully reporting derogatory and inaccurate information about Plaintiff to at least one consumer reporting agency,

Defendant EXPERIAN, as defined by 15 U.S.C. § 1681a.

28. Defendant EXPERIAN failed to conduct reasonable reinvestigations in violation of 15 U.S.C. § 1681(i)(a)(1)(A) to the detriment of the consumer Plaintiff.

29. Defendant EXPERIAN failed to correct the inaccurate balance reporting for the Account in violation of 15 U.S.C. § 1681i and to the detriment of the consumer Plaintiff.

30. Defendant EXPERIAN willfully failed to maintain reasonable procedures to assure maximum accuracy of the information contained in Plaintiff's consumer credit report in violation of 15 U.S.C. § 1681e.

31. That the foregoing acts and omissions of the Defendants, CHASE and EXPERIAN, constitute an unacceptable violation of the FCRA.

## COUNT TWO

32. On March 1, 2013, Defendant CHASE issued a Form 1099-C, "Cancellation of Debt", for Plaintiff's CHASE credit card account ending in 3512-1480 ("Account").

33. The Form 1099-C canceled the principal balance owed, excluding interest and fees.

34. The Identifiable Event Code on the 1099-C is marked "G".

35. Code "G" on a Form 1099-C represents that the creditor has made a decision or policy to discontinue collection of the debt and cancel the debt.

36. Subsequently, Defendant submitted a tax Form 1099-C to the Internal

Revenue Service ("IRS") for the cancellation of the debt amount owed to Defendant.

37. As a result, Plaintiff was obligated to pay taxes on the cancelled debt.

38. Defendant CHASE still reported a balance on the Account, inclusive of interest and fees, on Plaintiff's credit report.

39. On March 27, 2017, Plaintiff sent a written dispute, with supportive documentation to EQUIFAX, a consumer reporting agency as defined in 15 U.S.C. §1681a, regarding the accuracy of the derogatory information reported on his EQUIFAX credit report.

40. Upon information and belief, EQUIFAX forwarded Plaintiff's written dispute to Defendant CHASE.

41. Upon information and belief, CHASE received notification of Plaintiff's written dispute from EQUIFAX.

42. On or about April 17, 2017, EQUIFAX responded to Plaintiff's written dispute letter on the Account ("EQ Dispute Response 1").

43. The EQ Dispute Response 1 stated that CHASE "verified to OUR company that the balance is being reported correctly. Additional information has been provided from the original source regarding this item"

44. The Dispute Response did not remove the erroneous balance information that was identified in Plaintiff's written dispute letter on the Account.

45. Defendant CHASE willfully failed to correct the inaccurate reporting of the Account to the consumer reporting agencies, EQUIFAX, in violation of 15

U.S.C. § 1681s-2(b) and to the detriment of the consumer Plaintiff by continuing to report an erroneous balance due.

46. Defendant CHASE willfully failed to review all relevant information provided by Plaintiff and EQUIFAX that was contained in Plaintiff's written dispute on the Account.

47. Defendant CHASE is willfully reporting derogatory and inaccurate information about Plaintiff to at least one consumer reporting agency, Defendant EQUIFAX, as defined by 15 U.S.C. § 1681a.

48. Defendant EQUIFAX failed to conduct reasonable reinvestigations in violation of 15 U.S.C. § 1681(i)(a)(1)(A) to the detriment of the consumer Plaintiff.

49. Defendant EQUIFAX failed to correct the inaccurate balance reporting for the Account in violation of 15 U.S.C. § 1681i and to the detriment of the consumer Plaintiff.

50. Defendant EQUIFAX willfully failed to maintain reasonable procedures to assure maximum accuracy of the information contained in Plaintiff's consumer credit report in violation of 15 U.S.C. § 1681e.

51. That the foregoing acts and omissions of the Defendants, CHASE and EQUIFAX, constitute an unacceptable violation of the FCRA.

## COUNT THREE

52. On October 27, 2012, Defendant CHASE issued a Form 1099-C, "Cancellation of Debt", for Plaintiff's CHASE credit card account ending in

4202-6945 ("Account").

53. The Form 1099-C canceled the principal balance owed, excluding interest and fees.

54. The Identifiable Event Code on the 1099-C is marked "G".

55. Code "G" on a Form 1099-C represents that the creditor has made a decision or policy to discontinue collection of the debt and cancel the debt.

56. Subsequently, Defendant submitted a tax Form 1099-C to the Internal Revenue Service ("IRS") for the cancellation of the debt amount owed to Defendant.

57. As a result, Plaintiff was obligated to pay taxes on the cancelled debt.

58. Defendant CHASE still reported a balance on the Account, inclusive of interest and fees, on Plaintiff's credit report.

59. On March 27, 2017, Plaintiff sent written disputes, with supportive documentation to EQUIFAX and EXPERIAN, consumer reporting agencies as defined in 15 U.S.C. §1681a, regarding the accuracy of the derogatory information reported on his EQUIFAX and EXPERIAN credit reports.

60. Upon information and belief, EQUIFAX and EXPERIAN forwarded Plaintiff's written dispute to Defendant CHASE.

61. Upon information and belief, CHASE received notification of Plaintiff's written dispute from EQUIFAX and EXPERIAN.

62. On or about April 17, 2017, EQUIFAX responded to Plaintiff's written dispute letter on the Account ("EQ Dispute Response 2").

63. The EQ Dispute Response 2 stated that CHASE "verified to our company that the balance is being reported correctly. Additional information has been provided from the original source regarding this item"

64. The EQ Dispute Response 2 did not remove the erroneous balance information that was identified in Plaintiff's written dispute letter on the Account.

65. On or about April 17, 2017, EXPERIAN responded to Plaintiff's written dispute letter on the Account ("EX Dispute Response 2").

66. The EX Dispute Response 2 stated that CHASE "Updated – The item you disputed has been updated, which may include an update to the disputed information. Please review your report for the details."

67. The EX Dispute Response 2 did not remove the erroneous balance information that was identified in Plaintiff's written dispute letter on the Account.

68. Defendant CHASE willfully failed to correct the inaccurate reporting of the Account to the consumer reporting agencies, EQUIFAX and EXPERIAN, in violation of 15 U.S.C. § 1681s-2(b) and to the detriment of the consumer Plaintiff by continuing to report an erroneous balance due.

69. Defendant CHASE willfully failed to review all relevant information provided by Plaintiff and EQUIFAX and EXPERIAN that was contained in Plaintiff's written dispute on the Account.

70. Defendant CHASE is willfully reporting derogatory and inaccurate

information about Plaintiff to at least one consumer reporting agency, Defendants EQUIFAX and EXPERIAN, as defined by 15 U.S.C. § 1681a.

71. Defendants EQUIFAX and EXPERIAN failed to conduct reasonable reinvestigations in violation of 15 U.S.C. § 1681(i)(a)(1)(A) to the detriment of the consumer Plaintiff.

72. Defendants EQUIFAX and EXPERIAN failed to correct the inaccurate balance reporting for the Account in violation of 15 U.S.C. § 1681i and to the detriment of the consumer Plaintiff.

73. Defendants EQUIFAX and EXPERIAN willfully failed to maintain reasonable procedures to assure maximum accuracy of the information contained in Plaintiff's consumer credit report in violation of 15 U.S.C. § 1681e.

74. That the foregoing acts and omissions of the Defendants, CHASE, EQUIFAX, and EXPERIAN constitute an unacceptable violation of the FCRA.

## **COUNT FOUR**

75. On October 27, 2012, Defendant CHASE issued a Form 1099-C, "Cancellation of Debt", for Plaintiff's CHASE credit card account ending in 5701-2855 ("Account").

76. The Form 1099-C canceled the principal balance owed, excluding interest and fees.

77. The Identifiable Event Code on the 1099-C is marked "G".

78. Code "G" on a Form 1099-C represents that the creditor has made a decision or policy to discontinue collection of the debt and cancel the debt.

79. Subsequently, Defendant submitted a tax Form 1099-C to the Internal Revenue Service ("IRS") for the cancellation of the debt amount owed to Defendant.

80. As a result, Plaintiff was obligated to pay taxes on the cancelled debt.

81. Defendant CHASE still reported a balance on the Account, inclusive of interest and fees, on Plaintiff's credit report.

82. On March 27, 2017, Plaintiff sent a written dispute, with supportive documentation to EQUIFAX, a consumer reporting agency as defined in 15 U.S.C. §1681a, regarding the accuracy of the derogatory information reported on his EQUIFAX credit report.

83. Upon information and belief, EQUIFAX forwarded Plaintiff's written dispute to Defendant CHASE.

84. Upon information and belief, CHASE received notification of Plaintiff's written dispute from EQUIFAX.

85. On or about April 18, 2017, EQUIFAX responded to Plaintiff's written dispute letter on the Account ("EQ Dispute Response 3").

86. The EQ Dispute Response 3 stated that CHASE "verified to OUR company that the balance is being reported correctly. Additional information has been provided from the original source regarding this item"

87. The Dispute Response did not remove the erroneous balance information that

11

was identified in Plaintiff's written dispute letter on the Account.

88. Defendant CHASE willfully failed to correct the inaccurate reporting of the Account to the consumer reporting agencies, EQUIFAX, in violation of 15 U.S.C. § 1681s-2(b) and to the detriment of the consumer Plaintiff by continuing to report an erroneous balance due.

89. Defendant CHASE willfully failed to review all relevant information provided by Plaintiff and EQUIFAX that was contained in Plaintiff's written dispute on the Account.

90. Defendant CHASE is willfully reporting derogatory and inaccurate information about Plaintiff to at least one consumer reporting agency, Defendant EQUIFAX, as defined by 15 U.S.C. § 1681a.

91. Defendant EQUIFAX failed to conduct reasonable reinvestigations in violation of 15 U.S.C. § 1681(i)(a)(1)(A) to the detriment of the consumer Plaintiff.

92. Defendant EQUIFAX failed to correct the inaccurate balance reporting for the Account in violation of 15 U.S.C. § 1681i and to the detriment of the consumer Plaintiff.

93. Defendant EQUIFAX willfully failed to maintain reasonable procedures to assure maximum accuracy of the information contained in Plaintiff's consumer credit report in violation of 15 U.S.C. § 1681e.

94. That the foregoing acts and omissions of the Defendants, CHASE and EQUIFAX, constitute an unacceptable violation of the FCRA.

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks him statutory remedies as defined by 15 U.S.C. § 1681n and demands:

1. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

2. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

3. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

4. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted this 31st day of October, 2017.

          Respectfully submitted,

          */s/ Eric Landau*
          Eric Landau, Esq.
          2024 East 64th Street
          Brooklyn, New York 11234
          Phone: 718-440-6723
          ericslandau@gmail.com
          *Attorney for Plaintiff*